## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

FREDRICK GEORGE KRIEMELMEYER,

      Plaintiff,

      ORDER

v.

      Case No. 18-cv-48-bbc

KEVIN KREBS and ARNETTA MALLORY,

      Defendants.

In an order entered on February 9, 2018, I denied plaintiff Fredrick George Kriemelmeyer's motion for leave to proceed without prepayment of the filing fee. Dkt. 4. Now plaintiff has filed a motion for reconsideration of the February 9 order. Dkt. 5. As explained below, I will deny plaintiff's motion for reconsideration without prejudice, but will give plaintiff the opportunity to submit additional information about his income and expenses.

## DISCUSSION

The court's standard for determining whether a plaintiff qualifies for indigent status is whether plaintiff's annual gross income is less than $36,000. If so, then plaintiff may proceed without prepayment of the fees and costs. In this case, plaintiff reports that he currently receives income in the amount $7,000 per month, or $84,000 annually. If I consider only plaintiff's income, he does not qualify for indigent status.

That being said, plaintiff reports that he is self-employed as a dentist and has $6,075.32 in monthly expenses, including materials for his dentistry business and "rent." Plaintiff may have a legitimate argument that I should consider his business expenses in calculating his income for purposes of assessing his indigency. However, I cannot do so at this time because plaintiff has not provided sufficient detail regarding the monthly income and expenses included on his affidavit. For example, because plaintiff has not separated his personal and business

expenses, I cannot determine whether plaintiff's monthly "rent" and other expenses includes money he spends to rent both his home and place of business.  Such detail is necessary to properly calculate plaintiff's income.

For these reasons, I will deny plaintiff's motion for reconsideration of his request to proceed without prepayment of the filing fee.  However, plaintiff may have until March 15, 2018 to submit a more detailed account of his monthly income and expenses in which he clearly separates personal and business expenses.  If he does so, I will reassess his indigency status.  If I determine that plaintiff is not indigent, or if plaintiff does not respond by March 15, I will issue summons so that plaintiff may proceed with service of defendants on his own.[1] If I conclude that plaintiff is indigent, the court will refund $50 of the $400 amount plaintiff has paid[2] and plaintiff's complaint will be forwarded to Judge Crabb for screening under 28 U.S.C. § 1915(e) to determine whether his complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  If Judge Crabb determines that plaintiff may proceed, she will direct the U.S. Marshal service to serve plaintiff's complaint on defendants.

ORDER

IT IS ORDERED that plaintiff Fredrick George Kriemelmeyer's motion for reconsideration of the February 9, 2018 order denying plaintiff leave to proceed without prepayment of the filing fee, dkt. 5, is DENIED WITHOUT PREJUDICE.  Plaintiff may have

---

[1] On March 5, 2018, the court received a money order in the amount of $400 from plaintiff, submitted "under protest" to pay for the fee for filing this action.

[2] Even if plaintiff qualifies as indigent, he is still responsible for paying a $350 filing fee for each court action he files.

until March 15, 2018 to submit a detailed account of his monthly income and expenses, as explained above.

Entered this 8th day of March, 2018.

BY THE COURT:


/s/
PETER OPPENEER
Magistrate Judge