IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREDERICK GEORGE KRIEMELMEYER,

        Plaintiff,

v.

U.S. DEPT. OF STATE, CHICAGO PASSPORT AGENCY,

        Defendants.

OPINION AND ORDER

18-cv-148-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREDERICK GEORGE KRIEMELMEYER,

        Plaintiff,

v.

KEVIN KREBS and ARNETTA MALLORY,

        Defendants.

OPINION AND ORDER

18-cv-48-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In these two consolidated cases, pro se plaintiff Frederick George Kriemelmeyer is proceeding on claims under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B), against the United States Department of State. Plaintiff has filed motions to compel in each case. (Dkt. #20 and #21 in 18-cv-48; dkt. #21 and #22 in 18-cv-148). For the reasons below, I am denying both motions. Plaintiff also filed a motion to dismiss defendant Kevin Krebs with costs. I am dismissing Krebs because plaintiff's claim against him is moot, but I am denying plaintiff's request for costs.

1

OPINION

A. <u>Motion to Compel Documents Relating to Plaintiff's Requests for Foreign Agent Registrations</u>

Plaintiff's first motion to compel relates to the Freedom of Information Act request he sent to defendant Arnette Mallory, a government information specialist with the National Security Division of the United States Department of Justice. In his request, plaintiff asked for certified copies of oaths of office and Foreign Agent Registrations and numbers for three government officials: Internal Revenue Service Special Agent Eric Kopp, Assistant United States Attorney Elizabeth Altman and Magistrate Judge Stephen Crocker. Dkt. #1-2 in 18-cv-48. On March 7, 2018, defendant Mallory responded to plaintiff's request stating, "This office conducted a file search of the [Foreign Agents Registration Act] unit within the National Security Division. We did not locate any responsive records subject to FOIA." Dkt. #20-2.

Plaintiff filed a discovery request demanding from defendant Mallory provide (1) a certified statement of the existence or non-existence of Foreign Agent Registrations filed with her agency for the three government officials mentioned above, and (2) a certified statement that Mallory's agency is the "agency of record" for such documents, if they exist, and if not recorded there, they do not exist, or in the alternative, where such records would be found. Dkt. #18. Mallory's counsel responded that Foreign Agent Registrations are publicly disclosed and advised him of the website where he could search for the records. Dkt. #24-1. Plaintiff then filed the present motion to compel, contending that defendants have been nonresponsive, and seeking a certified statement from defendant Mallory as to (1) the existence or non-existence of foreign agent registrations for defendant Kopp, Assistant U.S.

2

Attorney Altman and Judge Crocker; (2) whether Mallory's agency is the agency where the records would be located if they exist; (3) whether the records exist at all; and (4) where the requested records would be found if not at her agency. Dkt. #20.

I am denying plaintiff's discovery request. "FOIA actions are typically resolved without discovery." Jordan v. U.S. Dept. of Labor, 273 F. Supp. 3d 214, 229 (D.D.C. 2017) (citations omitted); Schrecker v. U.S. Dept. of Justice, 217 F. Supp. 2d 29, 35 (D.D.C. 2002) ("Discovery in FOIA is rare."). In some circumstances, discovery may be appropriate if there is a dispute regarding whether the agency has taken adequate steps to uncover responsive documents. Schrecker, 217 F. Supp. 2d at 35. Here, plaintiff's discovery requests do not relate to whether Mallory took adequate steps to respond to his requests. Rather, plaintiff is seeking essentially the same information he sought in his Freedom of Information Act request. He wants Mallory to create a certified statement that would provide the information he seeks. I conclude that discovery is not appropriate under these circumstances, because "[d]isclosure of the documents is the ultimate relief that petitioner is seeking, not the subject of a discovery dispute." Bogan v. Bureau of Prisons, No. 06-C-0490-C, 2006 WL 6045183, at *1 (W.D. Wis. Nov. 16, 2006). Accordingly, plaintiff's motion to compel discovery from defendant Mallory will be denied.

B. Motion to Compel Documents Relating to Plaintiff's Passport Application

Plaintiff's second motion to compel relates to his Freedom of Information Act requests for documents relating to his passport application. Plaintiff served discovery requests on the United States seeking the same documents he requested in his Freedom of Information Act

3

request, as well as the names of any individuals involved in the denial of his passport application. The government objected to the discovery request and plaintiff filed a motion to compel the government to produce "copies of all documents received from plaintiff in conjunction with plaintiff's application for a National Passport"; "certified copies of all paperwork, documents, notes, testimony, faxes, writings, recordings and other information upon which Defendants rely in denying plaintiff a National Passport"; and a list of all persons with "any direct or indirect connection to the investigation of and/or the decision to deny Plaintiff's application for a National Passport." Dkt. #22 in 18-cv-148.

For the same reasons explained above, I will deny this motion to compel. Plaintiff cannot litigate his Freedom of Information Act claim through a motion to compel. I will consider the merits of plaintiff's claims and the government's responses after the parties have fully briefed the issues in connection with a dispositve motion. If there are disputed issues of fact that require discovery after the court has considered the government's position, I will determine whether additional information is needed.

C. Motion to Dismiss Defendant Krebs

In one of his motions to compel, plaintiff also requests that defendant Kevin Krebs be dismissed as a party "subsequent to his payment of the costs associated with the prosecution of this case." Dkt. #20 in 18-cv-48. Plaintiff says that Krebs has now produced the information plaintiff originally sought from him and, specifically, a copy of Attorney Altman's oath of office. According to Krebs, the delay in responding to plaintiff's request was the result of an error in entering his request into the agency's computer system. As soon as

4

Krebs became aware of plaintiff's request, as a result of this lawsuit, he provided the responsive information.

I will dismiss defendant Krebs from this lawsuit because it is clear from the parties' assertions that plaintiff's claim against Krebs is moot. However, I will deny plaintiff's request for costs against Krebs. The Freedom of Information Act provides that courts "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case . . . in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). A complainant has substantially prevailed "if the complainant has obtained relief through either—(I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). In this instance, Krebs released the requested information to plaintiff as soon as he became aware of the request. The court did not order the release and the agency was not compelled to act by this lawsuit. Although the lawsuit gave Krebs notice of plaintiff's outstanding request, plaintiff could have provided the same notice without litigation, by either making a phone call or sending a letter.

Moreover, even if plaintiff had shown that he "substantially prevailed" in his claim against Krebs, I would deny his request for costs. The award of costs or fees in a Freedom of Information Act case is left to the discretion of the district court. Stein v. Dept. of Justice, 662 F.2d 1245, 1261-62 (7th Cir. 1981). In exercising its discretion, the court should consider, at a minimum: "(1) the benefit to the public, if any, derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a

reasonable basis in law."  Id.; Menasha Corp. v. U.S. Dept. of Justice, No. 11-C-682, 2012 WL 1034933, at *2 (E.D. Wis. Mar. 26, 2012) (applying factors from Stein).  Plaintiff has not shown that the public derived any benefit from this case or even why plaintiff was interested in the record he requested from Krebs.  Additionally, Krebs did not intentionally withhold documents on the basis of any legal interpretation.  Rather, his failure to respond in a timely manner to plaintiff's request was solely the result of an error that was corrected as soon as Krebs became aware of it.  Under these circumstances, an award of costs is inappropriate.  Mobley v. Dept. of Homeland Security, 908 F. Supp. 2d 42, 48 (D.D.C. 2012) (denying request for costs where "government's compliance with the plaintiffs' request so early in the litigation is not the sort of agency behavior that Congress intended to prevent by awarding" costs or fees).

ORDER

IT IS ORDERED that

1.  Plaintiff Frederick George Kriemelmeyer's motions to compel (dkt. #20 and #21 in 18-cv-48; dkt. #21 and #22 in 18-cv-148), are DENIED.

2.  Plaintiff's claims against defendant Kevin Krebbs are DISMISSED as moot.  Krebs is DISMISSED as a defendant.

Entered this 9th day of November, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge