IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREDERICK GEORGE KRIEMELMEYER,

OPINION AND ORDER

        Plaintiff,

18-cv-148-bbc

   v.

U.S. DEPT. OF STATE, CHICAGO PASSPORT AGENCY,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREDERICK GEORGE KRIEMELMEYER,

OPINION AND ORDER

        Plaintiff,

18-cv-48-bbc

   v.

ARNETTA MALLORY,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In these two consolidated cases, pro se plaintiff Frederick George Kriemelmeyer is proceeding on claims under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B), against the United States Department of State and Arnetta Mallory, an agent of the National Security Division of the United States Department of Justice. Now before the court are the parties' cross motions for summary judgment (dkt. ##30, 36, 40 in 18-cv-48; dkt. ##31, 37, 41 in 18-cv-148). For the reasons set out below, I am denying plaintiff's motions and granting defendants' motions.

OPINION

A. Plaintiff's Claim against Defendant Mallory in Case No. 18-cv-48-bbc

On November 13, 2017, plaintiff submitted a Freedom of Information Act request to the National Security Division of the United States Department of Justice for certified copies of oaths of office and Foreign Agent Registrations and numbers for three government officials: Internal Revenue Service Special Agent Eric Kopp, Assistant United States Attorney Elizabeth Altman and Magistrate Judge Stephen Crocker. Dkt. #1-2 in 18-cv-48. On March 7, 2018, defendant Mallory, a government information specialist with the National Security Division, responded to plaintiff's request stating, "This office conducted a file search of the [Foreign Agents Registration Act] unit within the National Security Division. We did not locate any responsive records subject to FOIA." Dkt. #20-2. Plaintiff filed this lawsuit, contending that defendant had violated his rights under the Freedom of Information Act by failing to provide the documents he had requested.

It is now clear from the undisputed facts that the National Security Division did not have any documents in its possession that were responsive to plaintiff's requests. Nonetheless, plaintiff contends that he should prevail on his Freedom of Information Act claim because defendant did not conduct an adequate search for records in a timely manner and should have informed him sooner that he could have conducted the search on his own on a public website. But plaintiff's arguments are not persuasive.

For a federal agency to prevail on a Freedom of Information claim, "the agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Rubman

v. U.S. Citizenship and Immigration Services, 800 F.3d 381, 387 (7th Cir. 2015) (quoting Oglesby v. United States Dept. of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990)). "In other words, the search must have been a good faith effort and reasonable in light of the request." Rubman, 800 F.3d at 387. "Evidence that a search was reasonable and conducted in good faith generally comes in the form of reasonably detailed nonconclusory affidavits submitted in good faith." Id. (citations omitted).

In this instance, defendant has shown that it make a good faith effort to conduct a search for the records requested by plaintiff and that it did so in a timely manner. Specifically, defendant submitted the declaration of Kevin G. Tiernan, the supervisory records manager in the Freedom of Information Act Unit in the National Security Division of the Department of Justice. Dkt. #38. Tiernan describes the steps that were taken in response to plaintiff's request, explaining that because plaintiff was requesting Foreign Agent Registrations, plaintiff's request was assigned to the Foreign Agents Registration Act Unit of the National Security Division. That unit conducted a search of the unit's files, including electronic and paper files, but found no documents responsive to plaintiff's request. Id. ¶¶ 14, 15.

Plaintiff has submitted no evidence tho contradict or undermine Tiernan's declaration. He also cites no legal authority to support his argument that defendant had an obligation under the Freedom of Information Act to notify plaintiff earlier that the Foreign Agent Registrations Act Unit operates a public website that plaintiff could have searched on his own. This argument does not undermine defendant's evidence and does not support an

3

independent claim under the Freedom of Information Act. Therefore, I will grant defendant's motion for summary judgment in case number 18-cv-48-bbc.

B. <u>Plaintiff's Claim against the United States Department of State, Chicago Passport Agency in Case No. 18-cv-148-bbc</u>

Plaintiff's second lawsuit relates to the Freedom of Information Act request he sent to defendant United States Department of State, Chicago Passport Agency in December 2017, after his application for a United States Passport was denied. Plaintiff demanded access to certified copies of all documents that defendant relied on in denying his passport application. Defendant contends that plaintiff's request was properly denied because plaintiff failed to submit a proper request for the information he had requested.

Under the Freedom of Information Act, agencies "shall make . . . records promptly available to any person" who submits a request that "(i) reasonably describes such records and (ii) is made in accordance with [the agency's] published rules." 5 U.S.C. § 552(a)(3)(A). <u>See also</u> 5 U.S.C. § 552(b)(3)(A) (requests must be "made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed"). As relevant to this case, the State Department has specific regulations regarding the form of the requests for information relating to an individual's passport or application. Under 22 C.F.R. § 171.22(d), requests seeking passport information must be accompanied by a statement under oath confirming the requester's full name at birth, date and place of birth, current mailing address, daytime telephone number and email address. The regulations also state that the requester must submit a copy of the front and back of a valid government-issued photo identification.

4

Id. If the requester fails to submit such identification, the request is treated as a "third-party request" submitted under the Freedom of Information Act. 22 C.F.R. § 171.22(e) ("In the absence of proper authorization from the individual to whom the records pertain, the Department will process third party requests under the FOIA."). See also 22 C.F.R. § 171.11(n)(5) ("All passport records requests must meet the requirements found in § 171.22(d). If the PA [Privacy Act] requirements are not met . . . access may be limited.").

On January 2, 2018, after defendant received plaintiff's December 2017 Freedom of Information Act request, defendant notified plaintiff that he had failed to comply with State Department regulations dictating the form of such requests. Plaintiff responded by enclosing a "certificate of political status," which did not include a telephone number or email address, along with a copy of the front of three identification cards: a student identification from 1967; an undated Bureau of Prisons identification card with an unidentifiable photo; and an expired Wisconsin driver's license. Dkt. #42-2 and #42-5. On May 7, 2018, defendant notified plaintiff that it would close his Freedom of Information Act request if he did not provide a valid government-issued identification within 30 days. Plaintiff did not provide any other form of identification before the expiration of the 30 days. On January 15, 2018, plaintiff submitted copies of the three identification cards he had submitted previously. On February 19, 2019, defendant notified plaintiff by letter that he had failed to comply with department regulations and that because of privacy concerns, defendant could not confirm or deny the existence of any records responsive to the request.

Defendant contends that because plaintiff's requests did not comply with the department's rules set forth in 22 C.F.R. §§ 171.22(d) and 171.11(n)(5) governing requests

5

for an individual's passport information, defendant did not withhold records from him improperly. Defendant treated plaintiff's request as a "third-party" request seeking private information about another individual and declined to provide any information about the existence of documents responsive to the request.

I conclude that defendant's response was reasonable and did not violate the Freedom of Information Act. Plaintiff did not respond to defendant's motion for summary judgment, thereby conceding that he failed to comply with defendant's requirements for requesting passport-related information. He also concedes that he had ample opportunity to submit identification that complied with defendant's requirements but failed to do so. Because plaintiff's request did not comply with department rules, defendant had no obligation under 5 U.S.C. § 552(a)(3)(A) to provide documents responsive to plaintiff's request. Additionally, I agree with defendants that the regulations relating to passport-related documents are reasonable in light of the important privacy interests that are implicated by passport records, including the citizenship of the applicant and any suspected wrongdoing by the applicant, such as passport fraud. For all of these reasons, I am granting defendant's motion for summary judgment and denying plaintiff's motion.

ORDER

IT IS ORDERED that

1. Plaintiff Frederick George Kriemelmeyer's motions to for summary judgment (dkt. #30 in 18-cv-48; dkt. #21 and #31 in 18-cv-148), are DENIED.

2. The motions for summary judgment filed by defendants Arnetta Mallory and United States Department of State, Chicago Passport Agency (dkt. #36 and dkt. #40 in 18-cv-48-bbc and dkt. #41 and dkt. #48 in 18-cv-148-bbc), are GRANTED.

3. The clerk of court is directed to enter judgment in favor of defendants and close these cases.

Entered this 18th day of April, 2019.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge